[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12184

_____

D. C. Docket No. 04-01074-CV-1-WSD

STACEY TATROE,

                                        Plaintiff-Appellee,

                    versus

TONY WHEELER, Individually and in
his Official Capacity as Manager
of the Cobb County 9-1-1
Communications Bureau,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 29, 2007)**

Before HULL and MARCUS, Circuit Judges, and BARZILAY,[*] Judge.

_____

[*]Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting
by designation.

PER CURIAM:

In this interlocutory appeal, Appellant Tony Wheeler challenges the district court's denial of qualified immunity in a suit brought by Appellee Stacey Tatroe, Wheeler's former employee. Tatroe claims that Wheeler retaliated against her for constitutionally protected speech made while she worked as a Cobb County 9-1-1 emergency operator. The district court denied Wheeler's motion for summary judgment, finding that he was not entitled to qualified immunity at this stage of the litigation. On appeal, Wheeler contends that the adverse employment actions alleged by Tatroe were motivated at least in part by lawful considerations and that, therefore, he is entitled to qualified immunity under Stanley v. City of Dalton, 219 F.3d 1280, 1294-97 (11th Cir. 2000), and Foy v. Holston, 94 F.3d 1528, 1534-35 (11th Cir. 1996).

After thorough review of the record and having considered oral argument, we affirm. The district court correctly concluded that Wheeler is not entitled to qualified immunity at this stage of the litigation because the record does not indisputably indicate that the alleged adverse employment actions taken by Wheeler were motivated, at least in part, by lawful considerations. See Stanley, 219 F.3d at 1296 ("A defendant is entitled to qualified immunity under the Foy rationale only where, among other things, the record indisputably establishes that

2

the defendant in fact was motivated, at least in part, by lawful considerations."); Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1379 (11th Cir. 1997) ("The holding in Foy rested primarily on the existence of an indisputable and adequate lawful motive . . . .").

**AFFIRMED.**